IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIRECTV, Inc., a California Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-966 (GMS) |
| | ) | |
| CHRIS TODD, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION AND PERMANENT INJUNCTION

It is hereby stipulated by and among the parties that the following Permanent Injunction be entered by the Court without further notice or process:

1.  Defendant Chris Todd (the "Defendant"), and any persons or entities controlled directly or indirectly by him, are hereby permanent enjoined and restrained from:

    (a) receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

    (b) designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing, selling, or using any devices or equipment (including, by way of example, loaders, bootloaders, uloopers, emulators, programmers, reader/writers, or software or components thereof) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming:

    (c) advertising the sale of any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers/ of software or components therefore) designed or intended to facilitate the reception and decryption

of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services in support thereof; or

    (d)  reverse engineering or attempting to reverse engineer any of DIRECTV's products, services or technologies, including without limitations the encryption and security controls for the DIRECTV satellite system.

  2.  This Permanent Injunction shall apply to the Defendant's activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin America (also known as Galaxy Latin America) satellite system, and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future.

  3.  The Defendant, and any persons or entities controlled directly or indirectly by him, are hereby permanently enjoined and restrained from:

    (a)  investing or holding any financial interest in any enterprise which the Defendant knows is now, or planning in the future, to engage in any of the activities prohibited by this Permanent Injunction; or

    (b)  knowingly allowing any persons or entities which he controls, either directly or indirectly, to engage in any of the activities prohibited by this Permanent Injunction.

  4.  In the event that the Defendant becomes aware that an enterprise in which he has invested or holds any financial interest is engaged in any of the activities prohibited by this Permanent Injunction, the Defendant agrees to immediately divest himself of any such investment or financial interest and to promptly notify DIRECTV of the same.

5.  The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction. The Defendant specifically consents to personal jurisdiction and venue in the United States District Court, for the District of Delaware.

6.  Upon proof of any violation by the Defendant of the provisions of this Permanent Injunction, the Court shall be authorized to award damages to DIRECTV for losses sustained prior to the date of this Permanent Injunction, in addition to any other damages or other relief authorized by law.

DATED: _____, 2005

_____
Gregory M. Sleet
United States District Court Judge

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Melanie K. Sharp (No. 2501)
Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681/6605
msharp@ycst.com
tlengkeek@ycst.com

*Attorneys for Plaintiff DirecTV, Inc.*

_____
Chris Todd, Pro Se

Of Counsel
YARMUTH WILSDON CALFO PLLC

Spencer D. Freeman
John Jamnback
Peter Stutheit
P.O. Box 1110
Seattle, Washington 98111-1110
Telephone: (206) 654-4125
Facsimile: (206) 654-4128

*Attorneys for Plaintiff DIRECTV, Inc.*

## VERIFICATION BY DEFENDANT

STATE OF New Jersey )
)
COUNTY OF Cumberland )

I, CHRIS TODD, being first duly sworn, on oath, depose and say that I am one of the defendants herein, have read the foregoing Stipulation and Permanent Injunction, understand the terms thereof, and after the opportunity to consult with legal counsel, do freely consent to the entry of the same by this Court.

_Chris Todd_
CHRIS TODD

SUBSCRIBED AND SWORN TO before me this 1st day of April, 2005.

Name: Marie E. Todd
NOTARY PUBLIC in and for the
State of New Jersey
Residing at: 440 SW Bridgeton, NJ, 08302
My Commission Expires: 7/23/07

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2005 I electronically filed a true and correct copy of the Stipulation and Permanent Injunction with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading. I further certify that on July 19, 2005, I served the Stipulation and Permanent Injunction of the following non-registered participants in the manner indicated below:

FIRST CLASS MAIL:

Mr. Chris Todd
1 Walden Place
New Castle, DE 19720


_____
Melanie K. Sharp (No. 2501)
Timothy E. Lengkeek (No. 4116)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681/6605
msharp@ycst.com
tlengkeek@ycst.com

*Attorneys for Plaintiff DirecTV, Inc.*